IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DARYEL ANTHONY HOLLEY, #18321-078 | § | |
| | | |
| VS. | § | CIVIL ACTION NO. 4:13CV216 |
| | | CRIMINAL ACTION NO. 4:10CR221 (3) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Daryel Anthony Holley filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, challenging violations concerning his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

Background

Movant pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute cocaine, in violation of Title 21 U.S.C. § 846. On December 26, 2012, the court sentenced Movant to 135 months of imprisonment. He did not file a direct appeal.

Movant filed the present § 2255 motion, asserting that he is entitled to relief because his counsel was ineffective for failing to file a direct appeal when directed.

1

Discussion and Analysis

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

Movant signed a plea agreement containing the following waiver provision:

> Except as otherwise provided herein, the defendant expressly waives the right to appeal the conviction, sentence, fine and/or order of restitution or forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine and/or order of restitution or forfeiture in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver or plea itself.

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a § 2255 movant who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary. In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself. More recently,

the Fifth Circuit noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004).

In the present case, Movant asserts that his counsel was ineffective for failing to file a notice of appeal after being asked to do so. In 2007, the Fifth Circuit decided a case applicable to Movant's proceedings. In *United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007), the movant, Timothy Tapp, contended that trial counsel rendered ineffective assistance by failing to timely file a notice of appeal. The district court concluded that this argument was unavailing because of Tapp's informed, voluntary waiver of his right to appeal his sentence. However, the Fifth Circuit held that if the petitioner is able to demonstrate that he requested an appeal, prejudice is presumed and he will be allowed to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of the appeal waiver.[1]

Movant states in his motion and in his supporting affidavit that he wished to file a direct appeal and requested one, but counsel did not file the appeal. The record reflects that no appeal was filed. Although requested by Respondent, counsel for Movant has not filed an affidavit in response to Movant's assertion. Consequently, Movant is arguably entitled to relief on this ground under *Tapp*, in the form of an out-of-time appeal.

The proper procedures for granting an out-of-time appeal pursuant to a § 2255 motion were

---

[1]*Tapp* cites other, unpublished Fifth Circuit cases in support of this holding, including *United States v. McMillen,* 96 F. App'x 219 (5th Cir. 2004), *United States v. Albarran-Moreno*, 70 F. App'x 215 (5th Cir. 2003), and *United States v. Johnson*, 244 F.3d 124 (5th Cir. 2000). In each of these cases, however, there were issues exempted from the waiver that could have been raised on direct appeal. *Tapp* makes clear that the existence of such exempted issues is not a consideration. *See Tapp*, 491 F.3d at 266 n.2.

set forth by the Fifth Circuit in *United States v. West*, 240 F.3d 456 (5th Cir. 2001). In that case, the Fifth Circuit states that when leave to file an out-of-time appeal in a criminal case is granted, the district court should reinstate the criminal judgment to trigger the running of a new Rule 4(b) appeal period. *Id.*, at 459. The Court went on to explain that this judgment-reinstatement procedure, including the dismissal of the Section 2255 proceeding without prejudice, should be followed by the courts in the Fifth Circuit in all cases involving out-of-time direct criminal appeals.

Recommendation

It is accordingly recommended that Movant be allowed an out-of-time appeal. It is further recommended that Movant's claim in the instant § 2255 motion that he was denied an appeal be dismissed without prejudice, as set forth in *West*. Finally, it is recommended that the Clerk reinstate the judgment of conviction in Movant's criminal case on the docket of that cause. In other words, the Clerk should re-enter the original judgment of conviction in the criminal case as of the date of entry of the final judgment in this Section 2255 proceeding.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such

4

consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    **SIGNED this 16th day of January, 2015.**

*/s/ Don D. Bush*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE